## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

JERALDINE LAY,                              )
                                            )
                  Plaintiff,                )
                                            )
v.                                          )        Case No. CIV-11-501-M
                                            )
STEPHEN L. HASKINS, and                     )
LOGISTIC EXPRESS, INC.,                     )
                                            )
                  Defendants.               )

## ORDER

Before the Court are: plaintiff's First Motion to Compel, filed April 13, 2012; defendants'

Response to Plaintiff's First Motion to Compel, filed April 27, 2012; plaintiff's Reply to Defendants'

Response to First Motion to Compel, filed May 2, 2012; and defendants' Sur-Reply to Plaintiff's

First Motion to Compel, filed May 11, 2012.  Based upon the parties' submissions, the Court makes

its determination.

I.     Introduction

The gravamen of this case is centered around a car accident that occurred on or about January

9, 2011.  On January 26, 2011, plaintiff sent defendants a preservation of evidence letter requesting

defendants to preserve, *inter alia*, the driver's daily time logs, medical examination report, driver's

statement of on-duty hours, and all repair invoices.

On November 14, 2011, plaintiff issued discovery requests to defendants for the driver's

daily time logs, medical examination report, driver's statement of on-duty hours, and all repair

invoices.  On December 27, 2011, plaintiff notified defendants that the documents were illegible and

requested that defendant produce either legible copies or the original documents.  Plaintiff

subsequently contacted defendants again regarding the production of legible copies or the original

documents.

On February 8, 2012, defendants corresponded with plaintiff, stating that, in defendants' counsel's opinion, the documents provided were legible. Defendants also included an additional page of repair records. Plaintiff's response to defendants' correspondence asserted that not all repair invoices were produced. Plaintiff again contended that defendants produced illegible documents.

On April 5, 2012, defendants supplemented their discovery responses and asserted that the documents produced were the best copies that defendants could provide. Defendants also attached a new copy of the driver's daily logs. Plaintiff now seeks an order compelling defendants to produce: (1) a privilege log of all documents withheld from production; (2) original driver's logs, orientation sheet summary, medical examination report, and driver's statement of on-duty hours; and (3) all repair invoices and records for defendant's vehicle following the accident.

II.    Discussion

A.    Privilege Log

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . ." Fed. R. Civ. P. 26(b)(1). Additionally, Rule 26(b)(5)(A) provides:

> [w]hen a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed. R. Civ. P. 26(b)(5)(A).

Here, the parties agree that defendants have submitted a privilege log for all documents

2

withheld on the basis of privilege or the work-product doctrine.  *See* Defendants' Response to Plaintiff's First Motion to Compel [docket no. 30] at p. 3;  Plaintiff's Reply to Defendants' Response to First Motion to Compel [docket no. 31] at p. 2.  Plaintiff does not contend that defendants' recently submitted privilege log fails to satisfy Rule 26(b)(5)(A).

Therefore, the Court finds plaintiff's motion to compel defendants to produce a privilege log is moot.[1]

> B.   Original Driver's Logs, Orientation Sheet Summary, Medical Examination Report, and Driver's Statement of On-Duty Hours

Defendants have agreed to produce the original documents for plaintiff to inspect and copy. Defendants' Response to Plaintiff's First Motion to Compel [docket no. 30] at p. 2.  Plaintiff represents to the Court that "plaintiff is agreeable as long as [d]efendants produce the original documents in an expedited manner."  Plaintiff's Reply to Defendants' Response to First Motion to Compel [docket no. 31] at p. 2.

Therefore, the Court orders defendants to produce the original driver's logs, orientation sheet summary, medical examination report, and driver's statement of on-duty hours by May 28, 2012.

> C.   Repair Invoices and Records

In their response, defendants represent to the Court that "all the documents regarding repair invoices and property damages held by [d]efendants were produced to [p]laintiff."  Defendants' Response to Plaintiff's First Motion to Compel [docket no. 30] at p. 3.  In her reply, plaintiff concedes that "this issue is now moot."  Plaintiff's Reply to Defendants' Response to First Motion to Compel [docket no. 31] at p. 2.

---

[1]To the extent defendants are withholding relevant nonprivileged matter, the Court finds that said information is discoverable pursuant to Rule 26(b)(1).

Therefore, based upon the parties' representations, the Court finds the motion to compel the repair invoices and records for defendants' vehicle is moot.

    D.    <u>Johnson Claim Service for Grant Wester Casualty Company Reports</u>

In her reply, plaintiff asserts that the Johnson Claim Service for Grant Western Casualty Company reports are not privileged and that defendants should produce said reports to plaintiff. In their sur-reply, defendants represent to the Court that the reports were provided to plaintiff on May 10, 2012. Defendants' Sur-Reply to Plaintiff's First Motion to Compel [docket no. 35] at pp.1 and 4.

Therefore, in light of defendants' representations, the Court finds plaintiff's request for defendants to produce the Johnson Claim Service for Grant Western Casualty Company reports is moot.

III.    <u>Conclusion</u>

Accordingly, the Court GRANTS IN PART and DENIES IN PART plaintiff's First Motion to Compel [docket no. 28].[2] Specifically, the Court:

(1)    finds plaintiff's motion to compel defendants to produce a privilege log is MOOT;

(2)    GRANTS plaintiff's motion to compel defendants to produce the original driver's logs, orientation sheet summary, medical examination report, and driver's statement of on-duty hours. Defendants shall produce said documents by May 28, 2012;

(3)    finds Plaintiff's motion to compel the repair invoices and records for defendants' vehicle is MOOT; and

(4)    the Court finds plaintiff's request for defendants to produce the Johnson Claim

---

[2]The Court notes that plaintiff couched a one-sentence request for attorney's fees in her motion. Having carefully considered plaintiff's request, the Court denies plaintiff's request for attorney's fees.

Service for Grant Western Casualty Company reports is MOOT.

**IT IS SO ORDERED this 14th day of May, 2012.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE