**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| JERALDINE LAY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-11-501-M |
| | ) |
| STEPHEN L. HASKINS, and | ) |
| LOGISTIC EXPRESS, INC., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

This case is scheduled for trial on the Court's August 2012 trial docket.

Before the Court is plaintiff's Motion for Partial Summary Judgment, filed June 1, 2012. On June 22, 2012, defendants filed their response. Plaintiff has not filed a reply. Based upon the parties' submissions, the Court makes its determination.

I.   Introduction[1]

On January 9, 2011, plaintiff was involved in an automobile accident with defendant Stephen L. Haskins ("Haskins"), an employee of Defendant Logistic Express, Inc. ("Logistic") at the time. According to defendants, plaintiff was driving her Chevy Blazer ("Blazer") with three passengers on Interstate 40 from Oklahoma City to Lake Eufaula. Defendant contends that Ronnie Lovell, a passenger in plaintiff's Blazer, was not a licensed driver at the time of the accident.

*Federal Motor Carrier Safety Regulation* § 392.14 provides that a commercial motor vehicle must reduce its speed when driving in icy conditions. *Federal Motor Carrier Safety Regulation* § 392.14 further provides that "[i]f the conditions become sufficiently dangerous, the operation of a commercial motor vehicle shall be discontinued . . . ."

---

[1] The facts in this introduction are set forth in the light most favorable to defendants.

Defendant contends that it was snowing, but the road was not covered with ice. Haskins' recording device indicated that Haskins was traveling 60 miles per hour nine seconds before the accident, 55.5 miles per hour two seconds before the accident, and 40 miles per hour at the time of the accident.

According to defendants, plaintiff lost control of her Blazer, failed to yield to Haskins' vehicle, and entered the path of Haskins' vehicle. Defendants contend that Haskins' vehicle struck the side of plaintiff's Blazer. Plaintiff now moves for partial summary judgment as to the issue of liability for her claim of negligence against Logistics and Haskins.

II.    Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir. 1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and

quotations omitted).

III.   Discussion

Under Oklahoma law, "[t]hree evidentiary elements are essential to a prima facie case of negligence: (1) a duty owed by the defendant to protect the plaintiff from injury, (2) a failure properly to exercise or perform that duty, and (3) an injury to plaintiff proximately caused by the defendant's breach of that duty." *Nealis v. Baird*, 996 P.2d 438, 455 (Okla. 1999). Additionally, "[t]he defense of contributory negligence . . . , in all cases whatsoever, be a question of fact, and shall at all times be left to the jury, unless a jury is waived by the parties." Okla. Stat. tit. 23, § 12; *see also Thomason v. Pilger*, 112 P.3d 1162, 1165 (Okla. 2005).

Having carefully reviewed the parties' submissions, and viewing the evidence in the light most favorable to defendants and viewing all reasonable inferences in defendants' favor, the Court finds that there exists genuine issues of material fact as to whether Logistics and Haskins were liable for plaintiff's injuries under plaintiff's negligence claim. Specifically, based upon the evidence presented, a rational jury could find that Haskins properly performed his duty to drive at a safe speed or that Haskins' speed did not cause plaintiff's injuries. Furthermore, the Court finds that defendants' defense of contributory negligence is an issue of fact that must be "left to the jury" because defendants contend plaintiff was negligently driving her Blazer at the time of the accident or plaintiff was negligent in permitting Ronnie Lovell to drive her Blazer as an unlicensed driver. *Id.*

Accordingly, the Court finds that plaintiff is not entitled to summary judgment as to defendants' liability under her negligence claim.

IV.     Conclusion

For the reasons set forth above, the Court DENIES plaintiff's Motion for Partial Summary Judgment [docket no. 40].

**IT IS SO ORDERED this 29th day of June, 2012.**

_____
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE