IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JERALDINE LAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-11-501-M |
| ) | |
| STEPHEN L. HASKINS, and ) | |
| LOGISTIC EXPRESS, INC., ) | |
| ) | |
| Defendants. ) | |

**ORDER**

Before the Court is plaintiff's *Daubert* Motion to Strike Testimony of Scott Haney, filed July 2, 2012. On July 25, 2012, defendants filed their response, and on August 1, 2012, plaintiff filed her reply. An evidentiary hearing was held on August 27, 2012, during which Scott Haney ("Haney"), defendants' expert, and Rodney Pack ("Pack"), plaintiff's expert, testified. Based upon the parties' submissions and the testimony presented at the hearing, the Court makes its determination.

I.    Expert's Report

Plaintiff asserts that Haney's report does not satisfy Federal Rule of Civil Procedure 26(a) because it fails to state the basis and reasons for his opinions, the facts or data he used in forming his opinions, and the exhibits that will be used to summarize or support his opinions. Defendants contend that Haney's report satisfies Rule 26(a) and that any violation of Rule 26(a) is justified or harmless based upon Haney's deposition.

Pursuant to Rule 26(a)(2)(A), "a party must disclose to other parties the identity of any witness it may use at trial to present evidence under [expert testimony]." *See* Fed. R. Civ. P. 26(a)(2)(A). Additionally, Rule 26(a)(2)(B) requires a written report "if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly

involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B).  Specifically, it requires the party to provide a written report that includes:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

*Id.* "If a party fails to provide information or identify a witness as required by Rule 26(a) . . . , the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1).  The Tenth Circuit has stated that:

> [t]he determination of whether a Rule 26(a) violation is justified or harmless is entrusted to the broad discretion of the district court.  A district court need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose. Nevertheless, the following factors should guide its discretion: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness.

*Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999) (internal quotations and citations omitted).

Here, the Court finds that Haney's report sets forth the basis and reasons for his opinions, the

facts or data he used in forming his opinions, and the exhibits that will be used to summarize or support his opinions. Specifically, Haney's report states that he: reviewed the collision report generated by the Oklahoma Highway Patrol, reviewed photographs of the scene and vehicles, reviewed vehicle specifications, reviewed the ECM download,[1] photographed and mapped the collision scene, generated a scale diagram of the collision scene, reviewed the satellite images of the overall collision area, reviewed witnesses' statements, reviewed depositions, reviewed Pack's report, and reviewed the weather history for the date and location of the collision. Haney's Report, attached as Exhibit 1 to plaintiff's *Daubert* Motion to Strike Testimony of Haney. Haney's report further explains that: (1) the scrapes and gouge marks on the roadway and the tire marks and debris in the center of the median support his opinions regarding where the impact occurred; (2) the tire marks of defendant Stephen L. Haskins' ("Haskins") vehicle support Haney's opinions of where plaintiff's vehicle was positioned and that plaintiff's vehicle swerved left prior to the collision; and (3) the damage to the rear left portion of plaintiff's vehicle indicates that plaintiff's vehicle was somewhat perpendicular to Haskins' vehicle. Therefore, Haney's report satisfies the requirements set forth in Rule 26(a).

Moreover, the Court finds that Haney's purported Rule 26(a) violations are justified or harmless as a result of plaintiff's deposition of Haney. Upon careful review of the parties' submissions and Haney's deposition, the Court finds the enumerated factors in *Woodworker's Supply* weigh in favor of permitting Haney to testify at trial. Particularly, the Court finds that the information and methods revealed at Haney's deposition cured any prejudice to plaintiff, will not disrupt trial, and does not demonstrate that defendants withheld Haney's methodology willfully or in bad faith.

---

[1] During the hearing, the experts clarified that ECM is an abbreviation for electronic control module.

Accordingly, the Court finds that Rule 26(a) does not exclude Haney from testifying at trial.

II.  Reliability of Expert's Testimony

Plaintiff asserts that Haney's testimony will be unreliable under *Daubert* and Federal Rule of Evidence 702. Defendants contend that Haney's testimony will be based upon sufficient facts or data, is the product of reliable principles and methods, and that Haney has applied the principles and methods reliably to the facts of the case.

Rule 702 governs the admissibility of scientific, technical, or other specialized knowledge expert testimony. It provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Fed. R. Evid. 702.

In *Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993), the Supreme Court held that Rule 702 requires the trial court to "ensure that any and all scientific testimony or evidence admitted is not only relevant, but reliable." 509 U.S. at 589. In *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 141 (1999), the Supreme Court concluded that "*Daubert*'s general holding – setting forth the trial judge's general 'gatekeeping' obligation – applies not only to testimony based on 'scientific' knowledge, but also to testimony based on 'technical' and 'other specialized' knowledge." 526 U.S. at 141. With respect to the all-important reliability determination, the Supreme Court further concluded that "a trial court *may* consider one or more of the more specific factors that *Daubert* mentioned when doing so will help determine that testimony's reliability. But, as the Court stated in

*Daubert*, the test of reliability is 'flexible,' and *Daubert*'s list of specific factors neither necessarily nor exclusively applies to all experts or in every case." *Id.* (emphasis in original).

Several factors may be considered by the trial court in assessing the reliability of proposed expert testimony. The "*Daubert* factors" that *may* be considered are: (1) whether the theory or technique employed by the expert in formulating his expert opinion can be or has been tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) whether, with respect to a particular technique, there is a high known or potential rate of error; (4) whether standards control operation of the technique; and (5) whether the theory or technique is generally accepted within the relevant professional community. *Id.* at 149-50 (quoting *Daubert*, 509 U.S. at 592-94). In *Kumho Tire*, the Court recognized that in some cases "the relevant reliability concerns may focus upon personal knowledge or experience," rather than scientific foundations. *Id.* at 150. In such cases, the trial court may focus on alternative factors that are better-suited to the specific type of expertise at issue. *Id.* at 150-52. "The objective of [the gatekeeping] requirement is to ensure the reliability and relevancy of expert testimony. It is to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Id.* at 152. "[T]he trial judge [has] considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable." *Id.*

Focusing on Haney's methodology rather than his conclusion,[2] the Court finds Haney's testimony is reliable under *Daubert* and Rule 702. Particularly, Haney testified that the coefficient

---

[2] "Generally, the district court should focus on an expert's methodology rather than the conclusion it generates." *Goebel v. Denver & Rio Grande W. R.R. Co.* 346 F.3d 987, 992 (10th Cir. 2003) (citing *Daubert*, 509 U.S. at 595).

friction formula Haney used has been established through numerous physics books and has been in all the accident investigation and accident reconstruction classes he has attended. Transcript of *Daubert* Hearing, at p. 45. In fact, Pack concedes that : (1) Pack can testify whether Haney used the formula correctly, (2) the formula has been subject to peer review and published in accident reconstruction manuals, and (3) the formula has been accepted by the accident reconstruction community. *See id.*, at pp. 67-69, 73. While Pack disagrees with Haney's calculations, plaintiff has not presented evidence to suggest that Haney used an unreliable methodology. Therefore, based upon the parties' submissions and the testimony provided at the hearing, the Court finds that: (1) Haney's testimony is based upon the sufficient facts and data set forth in Part I, (2) Haney's testimony is the product of reliable principles and methods, and (3) Haney has applied the principles and methods reliably to the facts of the case.

Accordingly, the Court finds that Haney's testimony should not be excluded pursuant to *Daubert* and Rule 702.

III.   Conclusion

For the reasons set forth above, the Court DENIES plaintiff's *Daubert* Motion to Strike Testimony of Haney [docket no. 66].

**IT IS SO ORDERED this 31st day of August, 2012.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE